ELECTRONICALLY FILED
2021 Jun 04 PM 2:45
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000038

**IN THE NINTH JUDICIAL DISTRICT
DISTRICT COURT, MCPHERSON COUNTY, KANSAS
CIVIL DEPARTMENT**

| | | |
|---|---|---|
| **THE FIRST CHRISTIAN CHURCH OF MCPHERSON, KANSAS,** | § § § | |
| *Plaintiff,* | § § | **Case No. _____** |
| v. | § § | **JURY TRIAL DEMANDED** |
| **CONTINENTAL WESTERN INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § | |

**PETITION**
**(Pursuant to K.S.A. Ch. 60)**

**COME NOW,** the Plaintiff, The First Christian Church of McPherson, Kansas, and files this action for damages caused by Defendant, Continental Western Insurance Company, under theories of breach of contract, and for additional damages together with attorney's fees caused by Defendant's improper refusal to properly pay a claim under governing Kansas law. In support of this action, Plaintiff alleges and states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff, First Christian Church ("Plaintiff" or "First Christian"), is a not for profit corporation organized and existing in the state of Kansas, with a principal place of business in McPherson County, Kansas.

2.      Defendant, Continental Western Insurance Company ("Defendant") is a foreign corporation engaged in the business of selling insurance policies and supplying insurance coverage within the State of Kansas. Defendant may be served with Citation and a copy of this Original Petition at its principal place of business, located at 11201

1



Douglas Avenue, Urbandale, IA 50322, or anywhere else it may be served with process in compliance with the governing procedural rules for the State of Kansas.

3.      Substantially all of the events giving rise to Plaintiff's causes of action occurred in McPherson County, Kansas, including the underlying property damage at issue, the improper adjustment of the claim by Defendant, and all improprieties involving Defendant's underpayment of the subject claim to Plaintiff.

4.      Plaintiff's claims involve real property located in McPherson County, and the insurance claim it filed with regard to same, specifically identified as Claim No. 40PC6395 (the "Claim").

5.      Plaintiff's claims involve action in contract, and therefore, the referenced jurisdiction and venue and are therefore proper under governing Kansas law.

6.      First Christian is and was at all times material hereto, the owner of the property at issue, namely a church located at 101 Walnut, McPherson, Kansas (the "Property").

7.      Defendant is an insurance provider selling insurance policies and coverage and adjusting insurance claims within the state of Kansas.

8.      Defendant sells such policies through its authorized agents and adjusts claims of its own policyholders through authorized agents as well.

9.      Plaintiff purchased a policy of insurance from Defendant, designated as policy number No. CGP 2344468-35 (the "Policy"), which was in effect when the underlying covered event occurred.

10.     The Policy promised to insure Plaintiff against damage to the Property caused by weather-related events.

11.     Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all related insurance premiums in a timely fashion.  Moreover, the Policy covered Plaintiff during the time-period during which its loss occurred.

12.     On or about June 15, 2017, Plaintiff's property sustained direct, physical damage (the "Loss") as a result of a covered weather-related event.  Shortly thereafter, Plaintiff notified Defendant of Plaintiff's property damage claim.

13.     Defendant performed an inspection of Plaintiff's property on or about March 21, 2018 and issued a report related to same on or about May 14, 2018.

14.     Defendant subsequently issued a photo report on or about September 14, 2018.

15.     Defendant re-inspected Plaintiff's property through its engineer on November 14, 2018 and the engineer issued a report on November 29, 2018.

16.     On December 20, 2018, Defendant notified Plaintiff that Defendant was considering Plaintiff's property damage to have occurred from separate occurrences; thus, it would be assessing two deductibles related to Plaintiff's claim.  All communications and estimates prior to this communication all contained the same date of loss for the property damage claim of June 15, 2017, and even the December correspondence did not provide any other date of loss to justify assessing two deductibles for Plaintiff's claim.

17.     Over the course of the following many months, Plaintiff attempted to reach an agreement with Defendant related to the extent of the damages to Plaintiff's property and the costs to repair and/or replace same.  To date, the parties have been unable to reach an agreement which has necessitate the filing of the current lawsuit.

18.     Despite Plaintiff's loss and subsequent good faith efforts, Defendant continually failed and refused to fully pay Plaintiff in accordance with its promises under the Policy.

19.     The damage at issue was not caused by the acts or omissions of Plaintiff.

20.     Said damage and its cause are of the kind specifically covered in the Policy.

21.     Said damage occurred during the applicable time period in which the Policy was in effect.

22.     Plaintiff has suffered and continues to suffer economic and structural loss in an amount to be determined by a jury.

23.     The value of First Presbyterian's property has diminished as a direct and proximate result of Defendant's refusal to adequately pay First Christian to repair, restore and/or replace the damage to the Property.

## BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the preceding paragraphs.

25.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

26.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendant's full authorization or ratification and were completed in the normal and routine course and scope of employment with Defendant.

28.     First Christian entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Kansas. The contract outlined obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff

paying policy premiums for insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon discovery, as required by the insurance contract with Defendant.

29.    Pursuant to the Policy, Defendant has a contractual obligation to pay the full amount of the Loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

30.    Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by First Christian. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiff has yet to receive full compensation for its covered damages as required by the insurance contract it purchased.

31.    First Christian made a good faith insurance claim and demand for settlement pursuant to the underlying insurance policy and has further provided all necessary documents as requested by Defendant.

32.    Defendant has failed to investigate and settle the claim within a reasonable or statutorily prescribed time-period.

33.    Defendant failed or refused to pay the full amount of Plaintiff's insured loss, without just cause or excuse.

34.    As a direct and proximate result of Defendant's breach of a policy contract, Plaintiff has suffered, and will suffer, damages in an amount to be determined, in excess of Seventy-Five Thousand Dollars ($75,000.00).

35.     Plaintiff is entitled to recover reasonable attorney's fees from Defendant pursuant to K.S.A. § 40-908 and/or K.S.A. § 40-256.

36.     Plaintiff is entitled to recover prejudgment interest from Defendant pursuant to K.S.A. § 16-201.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded all of its actual damages, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with prejudgment interest thereon as provided by law; for Plaintiff's costs of this action including attorney's fees pursuant to K.S.A.  §§ 40-908 and/or 40-256, and for such other relieve as the Court deems just and proper.

Respectfully submitted,

THE HERSHEWE LAW FIRM, P.C.

By:      *s/ Michelle Boehm O'Neal*
MICHELLE BOEHM O'NEAL #18701
431 S. Virginia
Joplin, MO 64801
P:  (417) 782-3790; F:   (417) 782-8482
moneal@h-law.com
ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Pursuant to K.S.A. 60-238(b) of the Kansas Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

THE HERSHEWE LAW FIRM, P.C.

By:      *s/ Michelle Boehm O'Neal*
MICHELLE BOEHM O'NEAL #18701
431 S. Virginia
Joplin, MO 64801
P: (417) 782-3790; F:  (417) 782-8482
moneal@h-law.com
ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED
2021 Jun 04 PM 2:45
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000038

First Christian Church of McPherson, Kansas

vs.

Continental Western Insurance Company

**SUMMONS**

To the above-named Defendant/Respondent:

**Continental Western Insurance Company**

**11201 Douglas**

**Urbandale, IA  50322**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

MICHELLE O'NEAL, O'NEAL

431 S. VIRGINIA

JOPLIN, MO 64801

within 40 days after service of summons on you.

*Teri L. Robin*

Clerk of the District Court

Electronically signed  on 06/04/2021 03:20:44 PM

**Documents to be served with the Summons:**

PLE: Petition Petition

ELECTRONICALLY FILED
2021 Jun 04 PM 3:35
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000038

## IN THE NINTH JUDICIAL DISTRICT
## DISTRICT COURT, MCPHERSON COUNTY, KANSAS
## CIVIL DEPARTMENT

| | | |
|---|---|---|
| **THE FIRST CHRISTIAN CHURCH OF MCPHERSON, KANSAS,** | § § § | |
| *Plaintiff,* | § § | **Case No. 2021-CV-000038** |
| v. | § § | **JURY TRIAL DEMANDED** |
| **CONTINENTAL WESTERN INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § | |

### AMENDED PETITION
### (Pursuant to K.S.A. Ch. 60)

**COME NOW,** the Plaintiff, The First Christian Church of McPherson, Kansas, and files this action for damages caused by Defendant, Continental Western Insurance Company, under theories of breach of contract, and for additional damages together with attorney's fees caused by Defendant's improper refusal to properly pay a claim under governing Kansas law.  In support of this action, Plaintiff alleges and states as follows:

### JURISDICTION AND VENUE

1.      Plaintiff, First Christian Church ("Plaintiff" or "First Christian"), is a not for profit corporation organized and existing in the state of Kansas, with a principal place of business in McPherson County, Kansas.

2.      Defendant, Continental Western Insurance Company ("Defendant") is a foreign corporation engaged in the business of selling insurance policies and supplying insurance coverage within the State of Kansas.  Defendant may be served with Citation and a copy of this Original Petition at its principal place of business, located at 11201

Douglas Avenue, Urbandale, IA 50322, or anywhere else it may be served with process in compliance with the governing procedural rules for the State of Kansas.

3.     Substantially all of the events giving rise to Plaintiff's causes of action occurred in McPherson County, Kansas, including the underlying property damage at issue, the improper adjustment of the claim by Defendant, and all improprieties involving Defendant's underpayment of the subject claim to Plaintiff.

4.     Plaintiff's claims involve real property located in McPherson County, and the insurance claim it filed with regard to same, specifically identified as Claim No. 40PC6395 (the "Claim").

5.     Plaintiff's claims involve action in contract, and therefore, the referenced jurisdiction and venue and are therefore proper under governing Kansas law.

6.     First Christian is and was at all times material hereto, the owner of the property at issue, namely a church located at 101 Walnut, McPherson, Kansas (the "Property").

7.     Defendant is an insurance provider selling insurance policies and coverage and adjusting insurance claims within the state of Kansas.

8.     Defendant sells such policies through its authorized agents and adjusts claims of its own policyholders through authorized agents as well.

9.     Plaintiff purchased a policy of insurance from Defendant, designated as policy number No. CGP 2344468-35 (the "Policy"), which was in effect when the underlying covered event occurred.

10.     The Policy promised to insure Plaintiff against damage to the Property caused by weather-related events.

2

11.    Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all related insurance premiums in a timely fashion.  Moreover, the Policy covered Plaintiff during the time-period during which its loss occurred.

12.    On or about June 15, 2017, Plaintiff's property sustained direct, physical damage (the "Loss") as a result of a covered weather-related event.  Shortly thereafter, Plaintiff notified Defendant of Plaintiff's property damage claim.

13.    Defendant performed an inspection of Plaintiff's property on or about March 21, 2018 and issued a report related to same on or about May 14, 2018.

14.    Defendant subsequently issued a photo report on or about September 14, 2018.

15.    Defendant re-inspected Plaintiff's property through its engineer on November 14, 2018 and the engineer issued a report on November 29, 2018.

16.    On December 20, 2018, Defendant notified Plaintiff that Defendant was considering Plaintiff's property damage to have occurred from separate occurrences; thus, it would be assessing two deductibles related to Plaintiff's claim.  All communications and estimates prior to this communication all contained the same date of loss for the property damage claim of June 15, 2017, and even the December correspondence did not provide any other date of loss to justify assessing two deductibles for Plaintiff's claim.

17.    Over the course of the following many months, Plaintiff attempted to reach an agreement with Defendant related to the extent of the damages to Plaintiff's property and the costs to repair and/or replace same.  To date, the parties have been unable to reach an agreement which has necessitate the filing of the current lawsuit.

18.     Despite Plaintiff's loss and subsequent good faith efforts, Defendant continually failed and refused to fully pay Plaintiff in accordance with its promises under the Policy.

19.     The damage at issue was not caused by the acts or omissions of Plaintiff.

20.     Said damage and its cause are of the kind specifically covered in the Policy.

21.     Said damage occurred during the applicable time period in which the Policy was in effect.

22.     Plaintiff has suffered and continues to suffer economic and structural loss in an amount to be determined by a jury.

23.     The value of First Christian's property has diminished as a direct and proximate result of Defendant's refusal to adequately pay First Christian to repair, restore and/or replace the damage to the Property.

## BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the preceding paragraphs.

25.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

26.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendant's full authorization or ratification and were completed in the normal and routine course and scope of employment with Defendant.

28.     First Christian entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Kansas. The contract outlined obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff

paying policy premiums for insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon discovery, as required by the insurance contract with Defendant.

29.     Pursuant to the Policy, Defendant has a contractual obligation to pay the full amount of the Loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

30.     Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by First Christian. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiff has yet to receive full compensation for its covered damages as required by the insurance contract it purchased.

31.     First Christian made a good faith insurance claim and demand for settlement pursuant to the underlying insurance policy and has further provided all necessary documents as requested by Defendant.

32.     Defendant has failed to investigate and settle the claim within a reasonable or statutorily prescribed time-period.

33.     Defendant failed or refused to pay the full amount of Plaintiff's insured loss, without just cause or excuse.

34.     As a direct and proximate result of Defendant's breach of a policy contract, Plaintiff has suffered, and will suffer, damages in an amount to be determined, in excess of Seventy-Five Thousand Dollars ($75,000.00).

35.     Plaintiff is entitled to recover reasonable attorney's fees from Defendant pursuant to K.S.A. § 40-908 and/or K.S.A. § 40-256.

36.     Plaintiff is entitled to recover prejudgment interest from Defendant pursuant to K.S.A. § 16-201.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded all of its actual damages, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with prejudgment interest thereon as provided by law; for Plaintiff's costs of this action including attorney's fees pursuant to K.S.A. §§ 40-908 and/or 40-256, and for such other relieve as the Court deems just and proper.

Respectfully submitted,

THE HERSHEWE LAW FIRM, P.C.

By:      *s/ Michelle Boehm O'Neal*
         MICHELLE BOEHM O'NEAL #18701
         431 S. Virginia
         Joplin, MO 64801
         P:  (417) 782-3790; F:   (417) 782-8482
         moneal@h-law.com
         ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Pursuant to K.S.A. 60-238(b) of the Kansas Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

THE HERSHEWE LAW FIRM, P.C.

By:      *s/ Michelle Boehm O'Neal*
         MICHELLE BOEHM O'NEAL #18701
         431 S. Virginia
         Joplin, MO 64801
         P: (417) 782-3790; F:  (417) 782-8482
         moneal@h-law.com
         ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED
2021 Jun 04 PM 3:50
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000038

First Christian Church of McPherson, Kansas

vs.

Continental Western Insurance Company

**ALIAS SUMMONS**

To the above-named Defendant/Respondent:

**Continental Western Insurance Company**

**11201 Douglas**

**Urbandale, IA  50322**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

MICHELLE O'NEAL, O'NEAL

431 S. VIRGINIA

JOPLIN, MO 64801

within 40 days after service of summons on you.

*Teri L. Bahn*

Clerk of the District Court

Electronically signed  on 06/04/2021 04:13:07 PM

**Documents to be served with the Summons:**

Amended Petition

ELECTRONICALLY FILED
2021 Jun 07 AM 9:43
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000038

## IN THE NINTH JUDICIAL DISTRICT
## DISTRICT COURT, MCPHERSON COUNTY, KANSAS
## CIVIL DEPARTMENT

| | | |
|---|---|---|
| **THE FIRST CHRISTIAN CHURCH OF MCPHERSON, KANSAS,** | § § § | |
| *Plaintiff,* | § § | **Case No. 2021-CV-000038** |
| **v.** | § § | |
| **CONTINENTAL WESTERN INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § | |

### MOTION TO ADMIT OUT-OF-STATE ATTORNEY *PRO HAC VICE* PURSUANT TO SUPREME COURT RULE 116

**COMES NOW** Michelle Boehm O'Neal, a duly licensed Kansas attorney in good standing and of record as counsel for Plaintiff First Christian Church ("Plaintiff") in the above-captioned case, and hereby moves the Court, pursuant to Kansas Supreme Court Rule 116, for admission of Jennifer Pratchett Price *pro hac* vice to practice law in the courts of Kansas for the purpose of representing the Plaintiff in the above-captioned case only.  Ms. Price is an attorney not admitted to the practice of law in Kansas but is regularly engaged in the practice of law in Texas, is licensed in Texas, and is in good standing pursuant to the rules of the Texas Judicial Court.

In support of this motion, movant states as follows:

1.      Movant, Michelle B. O'Neal, is a duly authorized Kansas attorney who practices law with the firm of The Hershewe Law Firm, P.C. in Joplin, Missouri.  She regularly engages in the practice of law in Kansas and is in good standing under all applicable rules of the Kansas Supreme Court.

2.      Jennifer Pratchett Price wishes to practice law in the State of Kansas for the purpose of representing Plaintiff in this case only.

3.      Attorney Michelle B. O'Neal acknowledges her obligation to be actively engaged in the case; to sign all pleadings, documents, and briefs; to be present throughout all court appearances; and to attend any and all depositions or mediations unless excused by the Court or under local rule.  Further, attorney Michelle B. O'Neal acknowledges that service may be had upon her in all matter connected with this case with the same effect as if personally made on attorney Jennifer Price.

4.      Attached to this motion as Exhibit A is the verified application of Jennifer Pratchett Price in support of this *pro hac vice* motion.

5.      The appropriate non-refundable fee has been submitted with this motion.

**WHEREFORE**, for the reasons set forth above, Michelle B. O'Neal, a duly authorized Kansas attorney, respectfully moves the Court for admission *pro hac vice* of out-of-state attorney Jennifer Pratchett Price to practice law in the State of Kansas for the purpose of representing Plaintiff in this case only.

Respectfully Submitted,

**THE HERSHEWE LAW FIRM, P.C.**

 */s/*  Michelle B. O'Neal
Michelle Boehm O'Neal KS Bar #18701
431 S. Virginia
Joplin, MO  64801
417-782-3790
417-782-8482 (fax)
moneal@h-law.com

***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th  day of June, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which sent notification of such filing to the interested parties via electronic mail.


 _/s/_  Michelle B. O'Neal                     
Attorney for Plaintiffs

ELECTRONICALLY FILED
2021 Jun 07 AM 9:43
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000038

**IN THE NINTH JUDICIAL DISTRICT
DISTRICT COURT, MCPHERSON COUNTY, KANSAS
CIVIL DEPARTMENT**

| | | |
|---|---|---|
| THE FIRST CHRISTIAN CHURCH OF MCPHERSON, KANSAS, | § § § | |
| *Plaintiff,* | § § | **Case No.** |
| v. | § § | |
| CONTINENTAL WESTERN INSURANCE COMPANY, | § § § | |
| *Defendant.* | § | |

**VERIFIED APPLICATION OF AN OUT-OF-STATE ATTORNEY
FOR ADMISSION *PRO HAC VICE* TO PRACTICE IN THE ABOVE
CAPTIONED CASE**

Jennifer Pratchett Price, an attorney not licensed to practice in Kansas, moves this Court, under Kansas Supreme Court Rule 116, for its order allowing the out-of-state attorney to practice in this court for the professional business and defending Plaintiff in this Court. Applicant is an attorney with Zerbe Miller Fingeret Frank & Jadav, LLP, 3009 Post Oak Boulevard, Suite 1700, Houston, Texas 77056.

Michelle B. O'Neal, an attorney who is regularly engaged in the practice of law in Kansas and who is in good standing under all the applicable rules of the Supreme Court of the State of Kansas, moved for my admission *pro hac vice*. Michelle B. O'Neal is an attorney with The Hershewe Law Firm, P.C., 431 S. Virginia, Joplin, Missouri 64801, telephone (417) 782-3790; fax (417) 782-8482, moneal@h-law.com, Kansas Attorney Registration Number 18701. Said attorney shall be actively engaged in the conduct of the case; shall sign all pleadings, documents, and briefs, and shall be present throughout all court or administrative appearances.

In support, the applicant shows the Court that she is regularly admitted to the following bars and/or Courts of record, is regularly engaged in the practice of law in each such jurisdictions, is in good standing pursuant to the rules of the highest appellate court of such jurisdiction, and is not currently, nor has ever been, the subject of a disciplinary action or a current disciplinary action under investigation, including, but not limited, to suspension or disbarment:

- State of Texas (June 25, 1993) Bar Number 00786517
- United States District Court for Eastern District of Texas (February 10, 2005) Bar Number 00786517

The applicant has not previously appeared *Pro Hac Vice* in the State of Kansas within the last twelve months.

Jennifer Pratchett Price acknowledges that she will be held to the standard of conduct of the State of Kansas, the Kansas Rules of Professional Conduct, and will be subject to the orders of, and amenable to disciplinary action by, the courts and administrative tribunals of the State of Kansas.

This application, the statements made herein and all information provided are complete, true, and correct under penalty and perjury. I acknowledge that I have a continuing obligation to advise the court if a change occurs with regard to any information herein provided. The associated Kansas attorney has reviewed and approved this application as evidenced by also signing the same.

COUNTY OF JASPER     )
                       )    ss:
STATE OF MISSOURI    )

     I, Michelle B. O'Neal, swear and affirm that the foregoing statements are true and correct o the best of my ability.

_____
Michelle B. O'Neal

     Subscribed and sworn to me this 2nd day of _____ June _____, 2021, by Michelle B. O'Neal.

     Witness my hand and official seal.

TRACEY SPRADLIN
My Commission Expires
October 20, 2022
Jasper County
Commission #14398584

_____
Notary Public

My Commission Expires: 10-20-22


COUNTY OF HARRIS     )
                      )    ss:
STATE OF TEXAS      )

     I, Jennifer Pratchett Price, swear and affirm that the foregoing statements are true and correct o the best of my ability.

_____
Jennifer Pratchett Price

     Subscribed and sworn to me this 2nd day of _____ June _____, 2021, by Jennifer Pratchett Price.

     Witness my hand and official seal.

DEANN GROCE
NOTARY PUBLIC
STATE OF TEXAS
ID# 124262
EXPIRES 3-25-20__

_____
Notary Public

Commission Expires:

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

May 27, 2021

Re: Ms. Jennifer Pratchett Price, State Bar Number 00786517

To Whom It May Concern:

This is to certify that Ms. Jennifer Pratchett Price was licensed to practice law in Texas on June 25, 1993, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web

# The Supreme Court of Texas

AUSTIN

CLERK'S OFFICE

**I, BLAKE HAWTHORNE,** Clerk of the Supreme Court of Texas, certify that the records of this office show that

**Jennifer Pratchett Price**

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 25th day of June, 1993.

I further certify that the records of this office show that, as of this date

**Jennifer Pratchett Price**

is presently enrolled with the State Bar of Texas as an active member in good standing.

**IN TESTIMONY WHEREOF** witness my signature

and the seal of the Supreme Court of

Texas at the City of Austin, this, the

27th day of May, 2021.

BLAKE HAWTHORNE, Clerk

Clerk, Supreme Court of Texas

No. 9811C.1

This certification expires thirty days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

ELECTRONICALLY FILED
2021 Jun 07 AM 10:59
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER:  2021-CV-000038

## IN THE NINTH JUDICIAL DISTRICT
## DISTRICT COURT, MCPHERSON COUNTY, KANSAS
## CIVIL DEPARTMENT

| | | |
|---|---|---|
| THE FIRST CHRISTIAN CHURCH OF MCPHERSON, KANSAS, | § § § | |
| *Plaintiff,* | § § | **Case No. 2021-CV-000038** |
| v. | § § | |
| CONTINENTAL WESTERN INSURANCE COMPANY, | § § § | |
| *Defendant.* | § | |

### ENTRY OF APPEARANCE

COMES NOW, Jennifer P. Price of Zerbe Miller Fingeret Frank & Jadav, P.C., 3009 Post

Oak Boulevard, Houston, Texas 77056., and enters her appearance as Counsel for Plaintiff.

Respectfully submitted,


*/s/ Michelle Boehm O'Neal*
MICHELLE BOEHM O'NEAL #18701
431 Virginia
Joplin, MO 64801
(417) 782-3790
FAX (417) 782-8482
moneal@h-law.com

*/s/ Jennifer Price*
Zerbe, Miller, Fingeret, Frank & Jadav, LLP
3009 Post Oak Blvd., Ste. 1700
Houston, TX 77056
Telephone: (713) 350-3557
F: (713) 350-3607
jprice@ZMFLaw.com
*Attorneys for Plaintiff*

ELECTRONICALLY FILED
2021 Jun 08 AM 9:07
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000038



**Court:**          McPherson County District Court

**Case Number:**    2021-CV-000038

**Case Title:**     First Christian Church of McPherson, Kansas vs.
                    Continental Western Insurance Company

**Type:**           Journal Entry

SO ORDERED.

/s/ Honorable John Klenda, District Court Judge

Electronically signed on 2021-06-08 09:07:43    page 1 of 3

**IN THE NINTH JUDICIAL DISTRICT**
**DISTRICT COURT, MCPHERSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | | |
|---|---|---|
| **THE FIRST CHRISTIAN CHURCH** | § | |
| **OF MCPHERSON, KANSAS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Case No. 2021-CV-000038** |
| **v.** | § | |
| | § | |
| **CONTINENTAL WESTERN** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | | |

## JOURNAL ENTRY

This cause is before the Court on the Motion for Admission to practice before this Court pro hac vice. The Court finds that the Order should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Jennifer Pratchett Price of Zerbe Miller Fingerlet Frank & Jadav, P.C., 3009 Post Oak Boulevard, Houston, Texas 77056, is admitted to practice to this Court for the limited purpose of appearing in the above-styled case. Counsel shall file an entry of appearance.

THIS JOURNAL ENTRY IS EFFECTIVE ON THE DATE AND TIME SHOWN ON THE ELECTRONIC FILE STAMP.

IT IS SO ORDERED

Dated _____

_____
**DISTRICT COURT JUDGE**

Approved as to form by:

THE HERSHEWE LAW FIRM, P.C.


  /s/ Michelle Boehm O'Neal
MICHELLE BOEHM O'NEAL          #18701
431 Virginia
Joplin, MO 64801
(417) 782-3790
FAX (417) 782-8482
moneal@h-law.com

and

Scott G. Hunziker
Jennifer Price
Zerbe, Miller, Fingeret, Frank & Jadav, LLP
119 East Lodge Road
Hiawatha, KS  66434
P:  (713) 350-3529
F:  (713) 350-3607
shunziker@ZMFLaw.com
JPrice@ZMFLaw.com

*Attorneys for Plaintiff Laxminaryan Lodging, LLC*

ELECTRONICALLY FILED
2021 Jun 15 AM 7:59
CLERK OF THE MCPHERSON COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000038

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

First Christian Church of McPherson, Kansas

Plaintiff

VS.

Continental Western Insurance Company

Defendant

Case No.  2021-CV-000038

District Court
McPherson County
McPherson, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on June 9, 2021, I received the Alias Summons and Amended Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Continental Western Insurance Company
Attn:  Philip Stanley Welt
11201 Douglas
Urbandale, IA  50322

DISPOSITION:  Clerk is to indicate final disposition on second copy and forward same to:  KANSAS COMMISSIONER OF INSURANCE, 1300 SW ARROWHEAD ROAD, TOPEKA, KANSAS, 66604.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 9th day of June, 2021.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel